# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on February 15, 2022**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:CRIMINAL NO. 22-cr-_____** |
| | : |
| **v.** | : **GRAND JURY ORIGINAL** |
| | : |
| **THOMAS SMITH,** | : **VIOLATIONS:** |
| | : |
| **Defendant.** | : **COUNTS 1-2:  18 U.S.C. § 242** |
| | : **(Deprivation of Rights Under Color of Law)** |
| | : |
| | : **COUNT 3: 18 U.S.C. § 1512(b)(3)** |
| | : **(Obstruction of Justice)** |
| | : |
| | : **COUNTS 4-6: 18 U.S.C. § 1519** |
| | : **(Falsification of Records)** |
| | : |
| | : **COUNT 7: 18 U.S.C. § 1001(a)(2)** |
| | : **(False Statements)** |
| | : |

## INDICTMENT

The Grand Jury charges that, at times material to this Indictment, on or about the dates and at the approximate times stated below:

### FACTUAL ALLEGATIONS

#### Introduction

1.    The laws of the United States and the Fifth Amendment to the United States Constitution provide that the government shall not deprive any person of life or liberty without due process of law.  That includes the right for any person to be free from a law enforcement officer's deliberate indifference to substantial risks of harm and serious medical needs arising from a government-created danger.

2.     The United States Capitol Police ("USCP") is a law enforcement agency of the United States responsible for, among other things, upholding the Constitution.

3.     Defendant THOMAS SMITH was a sworn USCP officer with more than ten years' experience on the force.  He was assigned as a patrol officer to the Special Operations Division and was trained in and aware of the duties and responsibilities of USCP officers and of USCP policies and procedures.

4.     Beginning at 6:00 p.m. on June 20, 2020, and extending into the early morning hours of June 21, 2020, SMITH was on duty as a uniformed USCP officer, assigned to vehicular patrol.  His duties included conducting security checks at the homes of Members of Congress, which are referred to within USCP as "dignitary checks."  SMITH reported for his shift to the Fairchild Building, a USCP station located at 499 South Capitol Street, Southeast, and was assigned to drive a marked USCP sedan, which he occupied by himself.

### SMITH'S Deprivation of W.W.'s Right to Due Process Through Reckless Endangerment and Deliberate Indifference

5.     On June 20, 2020, around 11:34 p.m., when he was supposed to be conducting a dignitary check in Georgetown, a neighborhood in the Northwest quadrant of the District of Columbia, SMITH pursued two motorized cycles, one of which was driven by W.W.  SMITH followed closely behind these vehicles at a high rate of speed, southbound on Wisconsin Avenue between Reservoir Road and M Street.

6.     Although USCP policies and procedures prohibit police vehicular pursuits outside the Capitol grounds, except in emergencies and only upon supervisory approval, SMITH did not notify dispatch or seek supervisory approval to conduct a vehicular pursuit of the motorized cycles.

7.     As SMITH and W.W. approached the intersection of Wisconsin Avenue and M Street, SMITH accelerated the USCP sedan, swerved towards W.W.'s motorized cycle, and struck

it. In doing so, SMITH caused W.W.'s motorized cycle to crash, knocking W.W. into the air before he hit the asphalt roadway.

8.    SMITH drove his sedan around W.W., who lay in the roadway, and through the intersection. SMITH then fled the traffic collision scene by accelerating southbound on Wisconsin Avenue, towards the Potomac riverfront.

9.    Although USCP policies and procedures require USCP officers to notify the USCP dispatcher, a supervisor, and the Metropolitan Police Department ("MPD") of a traffic collision occurring while on duty outside the Capitol grounds, at no point after crashing into W.W.'s motorized cycle did SMITH notify anyone. SMITH took no action to seek any medical assistance for W.W. and to ensure that no further harm came to him as he lay in the roadway.

10.    W.W. suffered bodily injury from the collision, including abrasions to the face, head, arms, and knees, and a possible concussion and seizure.

**SMITH'S Attempt to Conceal Colliding his USCP Sedan into W.W.'s Motorized Cycle**

11.    After the collision, before his shift ended on June 21, 2020, SMITH attempted to hide his involvement in and responsibility for the collision by switching out the damaged USCP sedan he drove into W.W.'s motorized cycle with a USCP Sport Utility Vehicle ("SUV"), as follows.

12.    Within ten minutes of fleeing the scene of the collision, on June 20, 2020, at 11:43 p.m., SMITH drove the USCP sedan, which had suffered visible damage in the collision, into a parking garage back at USCP's Fairchild Building in the Southeast quadrant of the District of Columbia.

13.    At 11:50 p.m., SMITH logged a false entry into the Computer Assisted Dispatch (CAD) system, a system in which USCP officers record information to communicate to USCP's

3

dispatch unit about their patrol work, location, and other information. Specifically, SMITH entered the CAD event type "APPEARS SECURE," indicating that he had performed a dignitary check and that it appeared secure. He did not log any location. At the time, SMITH was sitting in the USCP sedan in the parking garage, not conducting a dignitary check.

14.     At 11:52 p.m., SMITH drove the USCP sedan out of the parking garage of the Fairchild Building and into an outdoor USCP parking lot, where SMITH parked the car.

15.     At approximately 12:02 a.m., on June 21, 2020, SMITH exited the USCP sedan and walked from the parking lot to the Fairchild Building. SMITH entered the Fairchild Building and remained there for approximately five minutes. During this time, SMITH left the keys to the USCP sedan on the desk of a vehicle fleet sergeant and obtained keys to a USCP SUV.

16.     SMITH then made a false entry on an Equipment Log, a form on which USCP patrol officers record their name, unit and vehicle assignment, and the date and time of their shift. Specifically, SMITH falsely entered that he had been assigned the USCP SUV, not the USCP sedan, and falsely entered that he had begun his shift at 10:00 p.m., instead of at 6:00 p.m. SMITH did not submit an Equipment Log for the USCP sedan he drove into W.W.'s motorized cycle.

17.     At 12:07 a.m., SMITH left the Fairchild Building and walked back to the USCP outdoor parking lot, where he entered the USCP SUV.

18.     At 12:35 a.m., SMITH drove the USCP SUV to near the USCP sedan.

19.     SMITH remained parked near the USCP sedan for almost two hours, until 2:30 a.m., when SMITH drove the USCP SUV out of the parking lot, just minutes before a USCP sergeant ("USCP Sergeant")—who had been assigned to determine whether reports that a USCP sedan had collided with W.W.'s motorized cycle were true—entered the parking lot to look for the damaged USCP sedan.

20.     Sometime before the end of his shift, after MPD officials notified USCP officials of the Georgetown crash, SMITH received a phone call from USCP Sergeant inquiring whether SMITH had knowledge of the collision.  SMITH made false statements to USCP Sergeant to conceal his responsibility for the collision.  Specifically, (a) SMITH falsely told USCP Sergeant that he was not aware of and had not been involved in a traffic collision involving a motorized cycle; and, (b) SMITH falsely told USCP Sergeant that he had been assigned to and had been driving the USCP SUV throughout his entire shift.

21.     Sometime before the end of his shift, SMITH made a false entry on a Daily Vehicle Inspection Report, a form on which USCP officers record information about their assigned patrol vehicle's condition, maintenance, and mileage.  Specifically, SMITH falsely entered that the SUV's odometer reading at the start of his shift was ten miles lower than it was.  SMITH did not submit a Vehicle Inspection Report for the USCP sedan he drove into W.W.'s motorized cycle.

## COUNT ONE
### (18 U.S.C. § 242—Deprivation of Rights Under Color of Law)

22.     The allegations in paragraphs 1 through 21 are realleged herein.

23.     On June 20, 2020, in the District of Columbia, the defendant,

### THOMAS SMITH,

while acting under color of law, willfully deprived W.W. of the right, secured and protected by the Constitution and laws of the United States, to due process of law, which includes the right to be free from a government-created danger; that is, SMITH placed W.W. at a substantial risk of serious harm by driving his vehicle recklessly and in a dangerous manner, and was deliberately indifferent to the risk he created, resulting in bodily injury to W.W. when SMITH's USCP sedan crashed into W.W.'s motorized cycle.

(In violation of Title 18, United States Code, Section 242)

## COUNT TWO
### (18 U.S.C. § 242—Deprivation of Rights Under Color of Law)

24.     The allegations in paragraphs 1 through 21 are realleged herein.

25.     On June 20, 2020, in the District of Columbia, the defendant,

### THOMAS SMITH,

while acting under color of law, willfully deprived W.W. of the right, secured and protected by the Constitution and laws of the United States, to due process of law, which includes the right to be free from a law enforcement officer's deliberate indifference to his serious medical needs and other substantial risks of harm arising from a government-created danger; that is, after SMITH's USCP sedan crashed into W.W.'s motorized cycle that caused W.W. to suffer bodily injury, SMITH acted with deliberate indifference to a substantial risk of harm to W.W. by knowingly driving away without rendering aid, without alerting medical authorities, and without taking other reasonable steps to obtain assistance for W.W., despite the substantial risk that W.W. was injured and in need of medical attention, and the substantial risk that W.W. would suffer further serious harm.

(In violation of Title 18, United States Code, Section 242)

## COUNT THREE
### (18 U.S.C. § 1512(b)(3)—Obstruction of Justice)

26.     The allegations in paragraphs 1 through 21 are realleged herein.

27.     Between June 20, 2020, and June 21, 2020, in the District of Columbia, the defendant,

### THOMAS SMITH,

knowingly engaged in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense; that is, to hinder, delay,

and prevent communication to USCP of information concerning SMITH's collision with W.W.'s motorized cycle and its aftermath, SMITH attempted to hide his conduct, including by failing to report the collision to USCP, MPD, and any other authority; switching out the USCP SUV for the USCP sedan; falsifying USCP forms; and lying to USCP Sergeant.

(In violation of Title 18, United States Code, Section 1512(b)(3))

## COUNTS FOUR THROUGH SIX
### (18 U.S.C. § 1519—Falsification of Records in Federal Investigations)

28.     The allegations in paragraphs 1 through 21 are realleged herein.

29.     Between June 20, 2020, and June 21, 2020, in the District of Columbia, the defendant,

**THOMAS SMITH,**

with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department and agency of the United States, and in relation to and contemplation of any such matter, altered, concealed, covered up, falsified, and made false entry in any record and document; that is, to impede, obstruct, and influence USCP's investigation of the USCP sedan's collision with W.W.'s motorized cycle, SMITH made the following false entries into USCP forms, logs, reports, and records:

| COUNT | FALSE ENTRY |
|-------|-------------|
| FOUR  | SMITH's false entry into the Computer Assisted Dispatch system, as alleged in paragraph 13. |
| FIVE  | SMITH'S false entry into a USCP Equipment Log, as alleged in paragraph 16. |
| SIX   | SMITH's false entry into a USCP Daily Vehicle Inspection Report, as alleged in paragraph 21. |

(In violation of Title 18, United States Code, Section 1519)

## COUNT SEVEN
### (18 U.S.C. § 1001(a)(2)—False Statements)

30.    The allegations in paragraphs 1 through 21 are realleged herein.

31.    Between June 20, 2020, and June 21, 2020, in the District of Columbia, the defendant,

**THOMAS SMITH,**

in a matter within the jurisdiction of the executive, legislative, and judicial branch of the Government of the United States, knowingly and willfully made materially false, fictitious and fraudulent statements and representations; that is, in the matter of USCP's investigation of the USCP sedan's collision with W.W.'s motorized cycle, SMITH told USCP Sergeant that he had been assigned to and had been driving the USCP SUV throughout his entire shift on June 20-21, 2020, knowing that statement to be false.

(In violation of Title 18, United States Code, Section 1001(a)(2))


A TRUE BILL


FOREPERSON


*Matthew M. Graves*

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION